# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08mc21-RJC

| | |
|---|---|
| WALTER LEE SADLER, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER**<br>) |
| UNITED STATES OF AMERICA, et al., | )<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss (Doc. No. 2). After reviewing Plaintiff's Complaint, this Court finds that it lacks jurisdiction as to all claims asserted against all parties except the United States Attorney's Office for the Western District of North Carolina and the Financial Litigation Unit of the United States Attorney's Office for the Western District of North Carolina (collectively the "U.S. Attorney's Office"). The claims against the U.S. Attorney's Office are dismissed under the doctrine of collateral estoppel.

Plaintiff in this matter was convicted at trial of two financial crimes. The court ordered that he pay restitution to the victims of his crimes as part of his sentence. Plaintiff paid some of that assessment, but failed to pay the entire amount owing. (3:95-cr-134-RLV, Doc. No. 124). The Justice Department entered Plaintiff's information into the Treasury Offset Program, which checks for tax refunds, social security benefits, and other sources of income which can be used to offset outstanding criminal debts pursuant to 26 U.S.C. § 6402(d).

Plaintiff claims he does not owe any money to any federal agency and seeks to enjoin the

United States of America from using his federal tax refund to offset restitution debt under 26 U.S.C. § 6402(d). This Court does not have proper jurisdiction to consider the claims against The United States of America or Gretchen Shappert (written as Grethen Sheppard in the Complaint), United States Attorney for the Western District of North Carolina. The statute specifically states that the proper defendant in a suit for turnover of a tax refund is the federal agency which requested the offset and received the overpayments. 26 U.S.C. § 6402(g); see also Thomas v. Bennett, 856 F.2d 1165, 1167 (8th Cir. 1988). The statute limits the jurisdiction of this Court:

> No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c), (d), (e), or (f). No such reduction shall be subject to review by the Secretary in an administrative proceeding. No action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax. This subsection does not preclude any legal equitable, or administrative action against the Federal agency or State to which the amount of such reduction was paid . . .

26 U.S.C. § 6402(g). The agency which requested the offset and later received the offset was the U.S. Attorney's Office.[1] Therefore, all claims against other parties are dismissed for lack of

---

[1] The letter which Plaintiff received seems to say that the agency which requested the offset was the U.S. Attorney's Office of the Western District of North Carolina, Financial Litigation Unit, yet, the U.S. Attorney's Office is a division of the Department of Justice. It appears that the Department of Justice is the proper federal agency to sue under the statute. However, this issue in styling the case by a *pro se* plaintiff would not change this Court's conclusions.

jurisdiction.

Plaintiff's claim for relief against the U.S. Attorney's Office is also dismissed under the doctrine of collateral estoppel. In the previous criminal matter, the District Court for the Western District of North Carolina determined that Plaintiff owed a restitution debt and later specifically held that the government used proper procedure to sequester Plaintiff's 2007 federal income tax return and his 2008 tax rebate and that any errors were harmless. (3:95-cr-134-RLV, Doc. No. 124).

> The doctrine of collateral estoppel or issue preclusion . . . is a subset of the res judicata genre. Applying collateral estoppel forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate.

In Re: Microsoft Corp. Antitrust Litig., 255 F.3d 322, 326 (4th Cir. 2004) (internal quotation marks and citations omitted). The basis of Plaintiff's claim is that he does not owe the government any money. Defendants raise the issue of collateral estoppel as to this claim, citing the two previous decisions finding that Plaintiff owes restitution. (3:95-cr-134-RLV, Doc. Nos. 72, 100). Under collateral estoppel this Court will not review those decisions and Plaintiff's only claim falls.

Further still, Plaintiff filed this action in both this case and under his criminal case. After Defendants filed this motion to dismiss, the district court, which had his criminal case, ruled on this exact question as to the Plaintiff. In that decision, the court fully considered all the possible arguments and issues surrounding the use of Plaintiff's tax returns to fulfill his restitution obligations and, again, held that Plaintiff owed the debt, that the government used proper procedures to sequester Plaintiff's 2007 federal income tax return and his 2008 tax rebate, and

that any errors were harmless. (3:95-cr-134-RLV, Doc. No. 124). Therefore, not only did a court determine that Plaintiff does indeed owe this money, but also the court afforded Plaintiff the full and fair opportunity to litigate the question of whether the money was improperly taken from him.

In very rare circumstances, a court may set aside a previous judgment on the merits when an issue —like fraud in the original judgment— is found or where the judgment is manifestly unconscionable. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245 (1944). Since Plaintiff fails to plead any allegation of manifest unconscionability nor does he plead that the earlier decision was based on fraud upon the court, this Court will not disturb the final determination of the district court.

IT IS, THEREFORE, ORDERED that the Defendants' Motion to Dismiss (Doc. No. 2) is GRANTED, and that all claims asserted by the Plaintiff be DISMISSED with prejudice.

SO ORDERED.

Signed: April 17, 2009

Robert J. Conrad, Jr.
Chief United States District Judge